# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
ALISHA N. PANKIW,                    *
                                     *      No. 15-1082V
                                     *      Special Master Christian J. Moran
                                     *
               Petitioner,           *
v.                                   *
                                     *      Filed: October 21, 2019
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *      Attorneys' fees and costs, interim
               Respondent.           *      award
* * * * * * * * * * * * * * * * * * * *
```

William E. Cochran, Jr., Black McLaren et al., PC, Memphis, TN, for petitioner;
Ryan M. Spahr, Spahr Law Office, LLC, Indianapolis, IN, for former counsel of record for petitioner;
Sarah C. Duncan, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

On September 28, 2015, Alisha Pankiw ("Petitioner") filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012). Petitioner claims that she suffered from arthritis after receiving a trivalent influenza ("flu") vaccine on September 28, 2012. Pet., filed Sept. 28, 2015, at 1. Petitioner's counsel of record was Mr. Ryan Spahr.

On April 1, 2016, the Secretary argued that compensation was not appropriate because petitioner failed to establish a medical theory showing that the

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

flu vaccine can cause arthritis, or that the flu vaccine caused petitioner's arthritis. Resp't's Rep. at 11. The Secretary also argued that comments regarding causation made by petitioner's doctor, Dr. Thornberry, were unsupported by any scientific evidence; there was no temporal proximity between petitioner's vaccination and arthritis sufficient to infer causation; testimony and evidence as to onset was inconsistent; and that petitioner failed to address multiple potential alternative causes of her arthritis.

A fact hearing was held on October 18, 2016, the conclusions of which were published in a ruling on April 17, 2017. To develop her case further, petitioner filed reports from one expert, Dr. Paul J. Utz. Exhibits 38-40. In rebuttal, the Secretary filed reports from two experts, Dr. Mehrdad Matloubian and Dr. J. Lindsay Whitton. Exhibits A, C, D, F, G.

On July 25, 2019, petitioner moved for an award of attorneys' fees and costs on an interim basis, requesting $39,425.50 in fees and $30,696.90 in costs, for a total of $70,122.40. Pet'r's Mot. IAFC at 9-10. **For the reasons that follow, petitioner is awarded $62,663.10.**

\*      \*      \*

The requested fees include work performed and costs incurred through June 21, 2019, when Mr. William Cochran was substituted in as counsel for the case pursuant to petitioner's Consented Motion to Substitute Attorney of Record. Pet'r's Mot., filed June 21, 2016, ECF No. 90. Petitioner argues that an award of interim fees and costs is appropriate in this case for three reasons. First, petitioner argues that her claim satisfies the good faith and reasonable basis criteria. Pet'r's Mot. IAFC at 2. Second, she argues that "the expenses sought are significant." Id. Finally, she argues that "it will likely be a significant time period before this case is concluded," given that an entitlement decision is likely not to be rendered until 2020. Id. at 1, 3.

The Secretary filed his response to petitioner's motion on August 7, 2019. Resp't's Resp. The Secretary did not provide any objection to petitioner's request. Id. Instead, he stated that he "defers to the Special Master to determine whether or not petitioner has met both the legal standard for an interim fees and costs award as set forth in Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343 (Fed. Cir. 2008)." Id. at 2.

This matter is now ripe for adjudication.

\*       \*       \*

Petitioner's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question.  First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs?  Second, whether, as a matter of discretion, petitioner should be awarded his attorneys' fees and costs on an interim basis?  Third, what is a reasonable amount of attorneys' fees and costs?  These questions are addressed below.

## 1.  Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera, 515 F.3d at 1352.  Since petitioner has not received compensation from the Program, she may be awarded "compensation to cover [his] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C. § 300aa-15(e)(1).  As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard.  Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at \*3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred.  Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at \* 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence.  Simmons, 875 F.3d at 636.  Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence.  See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at \*12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that

reasonable basis is met with evidence), <u>mot. for rev. denied</u>, 116 Fed. Cl. 276 (2014).

Here, the reports and testimony from the expert petitioner has retained, Dr. Utz, satisfy the reasonable basis standard.  Since November 2017, Dr. Utz has submitted three expert reports.  <u>See</u> exhibits 38-40.  In his reports, Dr. Utz proposed a causation theory linking the flu vaccine with petitioner's injury and responded to the Secretary's expert's, Dr. Matloubian, criticisms.  <u>See</u> exhibits 39-40.

## 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right.  <u>Avera</u>, 515 F.3d at 1352 (Fed. Cir. 2008).  Instead, petitioners must demonstrate "undue hardship." <u>Id.</u>  The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  <u>Id.</u> The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained.  <u>Id.</u>

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding."  In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months.  Petitioner clears both hurdles.

## 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach.  <u>Avera</u>, 515 F.3d at 1347–48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)); <u>Saxton ex rel. v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  <u>See</u> <u>McIntosh v. Sec'y of Health & Human Servs.</u>, 139 Fed. Cl. 238 (2018).

A. Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  See Blum, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Id. at 895, n.11.  A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate.  Avera, 515 F.3d at 1349.  If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall."  Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[2]

Petitioner requested that her attorney be awarded forum rates consistent with the analysis "with the 3.7% growth factor to adjust rates on a yearly basis as contemplated in McCulloch and Garrison."  Pet'r's Mot. at 6.  The Secretary does not dispute petitioner's counsel's entitlement to forum rates.  Though rates have been determined using the 3.7% growth factor in the past, special masters have used different growth factors for other years.

The undersigned finds the following hourly rates reasonable for the purpose of determining Mr. Spahr's fees award:

Mr. Ryan Spahr

2014 — $215 (<4 years in practice)
2015 — $220 (<4 years in practice)

---

[2] The 2015–2016, 2017, 2018, and 2019 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914.  The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

2016 — $225 (<4 years in practice)
2017 — $230 (4-7 years in practice)
2018 — $235 (4-7 years in practice)
2019 — $240 (4-7 years in practice)

Thus, based on these rates and the number of compensable hours claimed, Mr. Spahr's total claimed fees amount is $36,262.00.

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton, 3 F.3d at 1521. The Secretary did not challenge any of the requested hours as unreasonable.

Mr. Spahr's time entries provide ample detail to assess reasonableness. The bulk of Mr. Spahr's time entries consist of communicating with Ms. Pankiw and individuals involved with the case (including treating physicians and potential experts), reviewing relevant records, and drafting filings. See generally Pet'r's Mot. IAFC, Exhibit 3. Mr. Spahr noted that this was his first case in the Vaccine Program, and thus that he required time to get "up to speed" on the program's requirements and procedures; however, he is not requesting compensation for the time spent on this necessary research. Pet'r's Mot. IAFC, at 7-8.

However, upon viewing Mr. Spahr's time entries, he is requesting compensation for various tasks that are more properly categorized as either administrative / clerical, or paralegal tasks. The undersigned adjusted the calculation to reflect the reductions for these items, eliminating compensation for administrative tasks and reducing the rate of compensation for paralegal tasks according to the paralegal rate listed in the OSM Attorneys' Forum Hourly Rate Fee Schedule for each given year. The undersigned finds that this total reduction amounts to $4,295.80.

Accordingly, taking into account the fee reductions described in section 3.A, as well as the reductions in number of compensable hours referenced above, petitioner is awarded attorneys' fees in the amount of $31,966.20.

C. <u>Costs</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requested $30,696.90 in attorneys' costs, consisting of acquiring medical records, paying the court filing fee, postage, obtaining an opinion letter from Dr. Thornberry, and acquiring and compensating for the services of one expert. <u>See</u> Pet'r's Mot. IAFC, Exhibit 2 at 1; <u>see also</u> Pet'r's Mot. IAFC at 4. For the non-expert-related costs, the undersigned finds that petitioner has provided adequate documentation for these costs and will award them in full.

For the expert-related costs, petitioner has requested compensation for the expert fees of Dr. Utz. Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. <u>See</u> <u>Chevalier v. Sec'y of Health & Human Servs.</u>, No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017). Dr. Utz billed approximately 59.23 hours of work at a rate of $500 per hour for the preparation of expert reports. Pet'r's Mot. IAFC, Exhibit 2 at 19-21. A reasonable hourly rate for an expert depends, in part, on the quality of the expert's work. <u>Sabella v. Sec'y of Dep't of Health & Human Servs.</u>, 86 Fed. Cl. 201, 218-25 (2009). Here, Dr. Utz is a board-certified rheumatologist and has been practicing in various capacities in the area of rheumatology since 1991. Exhibit 38 at 1. His expertise was directly relevant to petitioner's claimed injury in this case. Additionally, he provided three detailed expert reports that addressed issues of causation and responded thoroughly to respondent's expert reports. Therefore, the undersigned finds his hourly rate of $500 reasonable in this case.

Finally, Dr. Utz's billing hours constitute work for three expert reports over the course of approximately three years. <u>See</u> Pet'r's Mot. IAFC, Exhibit 2 at 19-21. He listed in appropriate detail all activities billed for, all of which related directly in some way to the drafting of his expert reports, including communications with petitioner's counsel, review of relevant records and respondent's expert reports, literature search and title review, drafting, and editing. <u>See</u> <u>id.</u> Accordingly, the undersigned the number of hours billed by Dr. Utz to be reasonable.

In sum, petitioner is awarded attorneys' costs in the amount of $30,696.90.

\*     \*     \*

Accordingly, petitioner is awarded:

**A lump sum of $62,663.10 in the form of a check made payable to petitioner and petitioner's attorney, Ryan M. Spahr.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).

8