# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| ALISHA N. PANKIW, | * | |
| | * | No. 15-1082V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: October 27, 2022 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * *

William E. Cochran, Jr., Black McLaren, et al., PC, Memphis, TN, for Petitioner;
Sarah C. Duncan, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Alisha Pankiw's motion for final attorneys' fees and costs. She is awarded **$63,870.56**.

\* \* \*

On September 28, 2015, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccination caused her to suffer rheumatoid

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

arthritis. Following the submission of expert reports petitioner filed a motion for a ruling on the record on December 21, 2020. On March 9, 2021, the undersigned issued his decision denying compensation. 2021 WL 1264559. Petitioner filed a motion for review of this decision on April 7, 2021, and on August 13, 2021, the Court of Federal Claims sustained petitioner's motion, vacating the entitlement decision and remanding the case to the undersigned to analyze petitioner's claim based on the premise that she suffered from inflammatory arthritis and not rheumatoid arthritis. 155 Fed. Cl. 646. On November 2, 2022, the undersigned issued his decision on remand denying compensation, finding that the theory by which a flu vaccine can cause inflammatory arthritis is the same as the previously considered theory by which a flu vaccine can cause rheumatoid arthritis. 2021 WL 5578387.

On February 22, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $48,193.80 and attorneys' costs of $15,931.16 for a total request of $64,124.96.[2] Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. Id. At 3. On February 28, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*     \*     \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that good faith and reasonable basis have been satisfied.  Resp't's Resp., filed Oct. 29, 2021, at 2.  Respondent's position greatly contributes to the finding of reasonable basis.  See Greenlaw v. United States, 554

---

[2] Petitioner was previously awarded interim attorneys' fees and costs in the amount of $62,663.10 on October 21, 2019. 2019 WL 6125005.

U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").  A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of her counsel: for Mr. William Cochran, Jr., $391.00 per hour for work performed in 2019, $405.00 per hour for work performed in 2020, $420.00 per hour for work performed in 2021, and $435.00 per hour for work performed in 2022; for Mr. Michael McLaren, $464.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, and $501.00 per hour for work performed in 2022; and for Mr. Chris Webb, $351.00 per hour for work performed in 2020, $364.00

per hour for work performed in 2021, and $395.00 per hour for work performed in 2022.

In previous cases involving counsel from the Black McLaren firm, which is located in Memphis, Tennessee, the undersigned has awarded counsel local rates. See, e.g., Montgomery v. Sec'y of Health & Human Servs., No. 15-1037V, 2020 WL 2510442 (Fed. Cl. Spec. Mstr. Apr. 29, 2020); Sweatt v. Sec'y of Health and Human Servs., No. 15-1222V, 2017 WL 2417770 (Fed. Cl. Spec. Mstr. May 12, 2017). Since that time, counsel at Black McLaren were awarded attorneys' fees by the United States District Court for the Western District of Tennessee which are equal to or, in some instances, higher than the forum rates that other special masters have awarded counsel for their Vaccine Program work. Fees App. at 5-6. In light of this new evidence provided by petitioner, the undersigned now concludes counsel's local rates are not substantially different from a reasonable forum rate and shall therefore compensate their work at forum rates going forward.

Given that counsel has previously been awarded forum rates by other special masters in the Vaccine Program, the undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what counsel have previously been awarded for their Vaccine Program work. See, e.g. Avila v. Sec'y of Health & Human Servs., No. 19-1058V, 2022 WL 9949632 (Fed. Cl. Spec. Mstr. Sept. 20, 2022); Hejna v. Sec'y of Health & Human Servs., No. 18-1833V, 2022 WL 3581115 (Fed. Cl. Spec. Mstr. Jul. 19, 2022). Accordingly, the requested hourly rates are reasonable.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be largely reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review, the only reduction necessary is for a small amount of time billed by paralegals for clerical tasks like filing documents. The undersigned shall reduce the final fees award by $254.40 to account for these entries. Therefore, petitioner is awarded final attorneys' fees in the amount of $47,939.40.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $15,931.16 in attorneys' costs. Almost all of this amount ($14,550.00) is for the work of petitioner's expert, Dr. Paul Utz, with the remainder comprised of acquiring medical records, postage, photocopies, and legal research costs. Dr. Utz's invoice presents a reasonable number of hours and the undersigned previously approved his hourly rate of $500.00 in awarding interim fees and costs. The remainder of the requested costs have been supported by adequate documentation and appear reasonable in the undersigned's experience.

Petitioner is therefore awarded final attorneys' costs of $15,931.16.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$63,870.56** (representing $47,939.40 in attorneys' fees and $15,931.16 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. William Cochran, Jr.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.